UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:22-cv-1685 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 1, 2022, the undersigned recommended that this action be dismissed based on plaintiff's failure to respond to the November 1, 2022 order to show cause. On December 5, 2022, plaintiff filed a motion for reconsideration of the November 1, 2022 order to show cause why plaintiff should not be required to pay the court's filing fee. Such filing was dated November 4, 2022. On December 12, 2022, plaintiff filed a motion for reconsideration and objections to the findings and recommendations. Good cause appearing, plaintiff's motions for reconsideration are partially granted, and the findings and recommendations are vacated.

In his application to proceed in forma pauperis, completed under penalty of perjury, plaintiff asserted that he has received no money over the last twelve months from various sources

1

including gifts and other sources. (ECF No. 2 at 1.) Plaintiff alleged that he has no cash. (Id. at 2.) However, plaintiff's prison trust account statement, filed November 3, 2022, confirmed that as of August 26, 2022, plaintiff had $5,221.90. (ECF No. 8.)

Plaintiff's recent motions do not address whether or not plaintiff should be required to pay the court's filing fee, but rather discuss, *inter alia*, the merits of his underlying claims. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an application evidencing an inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Plaintiff's claim of inability to pay the filing fee in his application before the court is contradicted by his inmate trust account statement. Thus, it is recommended that the application to proceed in forma pauperis be denied and plaintiff be required to pay the $402.00 before this action can proceed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration (ECF Nos. 11 & 12) are partially granted; and

2. The findings and recommendations (ECF No. 10) are vacated.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis be denied; and

2. Plaintiff be ordered to pay the $402.00 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2022

/hill1685.rec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE