UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:22-cv-01685-TLN-KJN<br><br>**ORDER** |

Plaintiff is a civil detainee proceeding *pro se*. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.     REQUEST FOR RECONSIDERATION**

Plaintiff seeks reconsideration of the February 8, 2023 order denying Plaintiff's motion to proceed in forma pauperis and ordering plaintiff to pay the $402.00 filing fee within fourteen days. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

On December 16, 2022, the assigned magistrate judge recommended that Plaintiff's motion to proceed in forma pauperis be denied, and that Plaintiff be required to pay the Court's

1

1    filing fee.  (ECF No. 13.)  Thereafter, Plaintiff filed objections, and the Court adopted the

2    findings and recommendations on February 8, 2023, over Plaintiff's objections.  (ECF No. 13.)

3           Plaintiff's application to proceed in forma pauperis, signed under penalty of perjury, was

4    denied because Plaintiff asserted he had received no money over the prior twelve months and

5    alleged he had no cash, but Plaintiff's trust account statement confirmed that as of August 26,

6    2022, Plaintiff had $5,2211.90 in his account.  (ECF No. 8.)  Nothing before the Court suggests

7    the denial of Plaintiff's application to proceed in forma pauperis was the result of clear error or

8    was manifestly unjust.  There has been no change in the law and Plaintiff provides no new

9    evidence.

10          Rather, Plaintiff claims that he is not required to pay the Court's filing fee because he is a

11   civil detainee.  Because Plaintiff is a civil detainee, and therefore not a prisoner within the

12   meaning of the Prison Litigation Reform Act ("PLRA"), he is not required to pay the court's

13   filing fee under 28 U.S.C. § 1915A.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  Under

14   the PLRA, prisoners are required to pay the Court's filing fee even if they are granted in forma

15   pauperis status, although they are allowed to pay the fee in installments.

16          On the other hand, non-prisoners, such as Plaintiff, are not required to pay the Court's

17   filing fee if they are granted in forma pauperis status.  However, unless the non-prisoner is

18   granted in forma pauperis status, all parties are required to pay the Court's filing fee.  28 U.S.C. §

19   1914(a).  Therefore, Plaintiff's motion for reconsideration is DENIED.

20       **II.    FINDINGS AND RECOMMENDATIONS**

21          On March 20, 2023, the magistrate judge filed findings and recommendations herein

22   which were served on Plaintiff and which contained notice to Plaintiff that any objections to the

23   findings and recommendations were to be filed within fourteen days.  Plaintiff has not filed

24   objections to the findings and recommendations.

25          The Court presumes that any findings of fact are correct.  *See Orand v. United States*, 602

26   F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.

27   *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Having reviewed

28   the file, the Court finds the findings and recommendations to be supported by the record and by

the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 16) is DENIED;

2. The findings and recommendations filed March 20, 2023, are ADOPTED IN FULL; and

3. This action is dismissed without prejudice.

4. The Clerk of Court is directed to close the case.

**DATE:  April 14, 2023**

                    Troy L. Nunley
                    United States District Judge